## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

KENT ALLEN, JR.,

      Plaintiff,

v.                              Case No: 2:21-cv-568-SPC-MRM

PARKER J. MOTORS LLC,

      Defendant.

_____/

### ORDER[1]

    Before the Court is Plaintiff Kent Allen, Jr.'s pro se Complaint. (Doc. 1).

Earlier this year, Plaintiff bought a car from Defendant Parker J. Motors LLC

using a third party. According to Plaintiff, "the dealer did a title transfer

without [his] permission." (Doc. 1 at 4). The car is now lost, and Plaintiff does

not have it. He thus wants $10,000. (Doc. 1 at 4). There are several issues

the Court must address.

    To start, the Complaint does not allege subject matter jurisdiction.

Federal courts have limited jurisdiction and must ask about their jurisdiction

sua sponte when—as here—it is lacking. *See Kokkonen v. Guardian Life Ins.*

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties
or the services or products they provide, nor does it have any agreements with them. The
Court is also not responsible for a hyperlink's availability and functionality, and a failed
hyperlink does not affect this Order.

*Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  A plaintiff filing in federal court "must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013). If a court decides it has no jurisdiction, it "must dismiss the compliant in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff cites diversity jurisdiction as the basis for the Court's subject matter jurisdiction.  A court has diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  The Complaint satisfies neither requirement.  It alleges both Plaintiff and Defendant to be Florida citizens.  (Doc. 1 at 3-4).  And the Complaint claims only $10,000 as the amount in controversy.  (Doc. 1 at 4).  Because the parties are not diverse and the amount in controversy is less than $75,000, the Court dismisses without prejudice the Complaint for no subject matter jurisdiction.

Even if the Court had jurisdiction, the cause of action is unclear.  All the Complaint alleges is a dealer (presumably Defendant) transferred a car title without Plaintiff's permission.  But that is not enough to give Defendant (or the Court) notice of allegations against it.  The Complaint leaves out the core facts that support each element of whatever claim Plaintiff is trying to allege.

The Complaint's problems do not end with those pleading deficiencies. This case belongs in this District's Tampa Division because Defendant is in Tampa, Florida. (Doc. 1-1 at 4); *see also* Local Rule 1.04 ("A party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced. The judge must transfer the action to the division most consistent with the purpose of this rule."). Plaintiff lives in North Fort Lauderdale and appears to have bought the car either in Tampa or Miami. This case simply has no nexus to the Fort Myers Division and is improperly here. Consequently, if Plaintiff Kent Allen, Jr. wishes to pursue this suit, he may do so by filing a new complaint in the appropriate District and/or Division.

Accordingly, it is now **ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. The Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED as moot.**

3. The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 5, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3